## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## (CAMDEN VICINAGE)

|  |  |
|---|---|
| AUTOMOTIVE RENTALS, INC., and ARI FLEET LT, <br><br> Plaintiffs, <br><br> v. <br><br> REDBOX AUTOMATED RETAIL, LLC, and CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., <br><br> Defendants. | Civ. A. No. _____ |

## **VERIFIED COMPLAINT**

Plaintiffs, Automotive Rentals, Inc., a New Jersey corporation, and ARI Fleet LT, a Delaware business trust and corporate citizen of New Jersey, by way of this Verified Complaint against Defendants, Redbox Automated Retail, LLC, a Delaware limited liability company, and Chicken Soup for the Soul, Inc., a Delaware corporation, respectfully represent as follows:

## **THE PARTIES**

1.     The Plaintiffs are:

      a.     Automotive Rentals, Inc. ("**Automotive Rentals**"), a New Jersey corporation, whose principal place of business is

located at 4001 Leadenhall Road, Mount Laurel, New Jersey 08054; and

b.      ARI Fleet LT ("**Fleet**," and together with Automotive Rentals, "**ARI**"), a Delaware business trust, whose sole member is ARI OT, a Delaware business trust, whose sole member is Automotive Rentals, a New a New Jersey corporation, whose principal place of business is located at 4001 Leadenhall Road, Mount Laurel, New Jersey 08054.

2.      The Defendants are:

a.      Redbox Automated Retail, LLC ("<u>**Redbox**</u>"), a Delaware limited liability company, whose principal place of business is located at One Tower Lane, Suite 900, Oakbrook Terrace, Illinois 60181, and, upon information and belief, whose sole member is Chicken Soup for the Soul, Inc. ("<u>**Chicken Soup**</u>"), a Delaware corporation, whose principal place of business is located at 132 East Putnam Avenue, Floor 2W, Cos Cobb, Connecticut 06807; and

b.      Chicken Soup, a Delaware corporation, whose principal place of business is located at 132 East Putnam Avenue, Floor 2W, Cos Cobb, Connecticut 06807.

## JURISDICTION AND VENUE

3.     This court holds original jurisdiction over this matter under 28 U.S.C. § 1332 because the parties to this matter are fully diverse, because this Court holds supplemental jurisdiction under 28 U.S.C. § 1367, and because the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

4.     Venue is also appropriate in this district because a substantial part of the events or omissions giving rise to the claims occurred in this district and the parties agreed to apply New Jersey law pursuant to a valid and binding choice of law provision contained in the contract underlying this dispute, and, alternatively, this is a judicial district in which the Defendants are subject to the Court's personal jurisdiction.

## FACTUAL ALLEGATIONS

**A.     THE AGREEMENTS BETWEEN THE PARTIES.**

5.     ARI and Redbox are parties to that certain Lease and Fleet Management Services Agreement, dated February 24, 2017, as amended from time to time, including, without limitation, by the First Amendment to Lease and Fleet Management Services Agreement dated August 24, 2018, and the Second Amendment to Lease and Fleet Management Services Agreement dated October 14, 2022, which, together with all other agreements, schedules, and exhibits thereto and all Motor Vehicle Lease Agreement related thereto (the "**MVLAs**") are collectively

referred to herein as the "**Lease Agreement**."   A copy of the Lease Agreement without each MVLA is attached hereto as <u>Exhibit 1</u>.

6.      Chicken Soup executed a Guaranty, dated October 14, 2022, in favor of ARI, whereby Chicken Soup irrevocably and unconditionally guaranteed the full payment when due of all obligations of Redbox to ARI in connection with the Lease Agreement (the "**Guaranty**").  A copy of the Guaranty is attached hereto as <u>Exhibit 2</u>.  The Lease Agreement, Guaranty, and all amendments, schedules, and exhibits thereto and all MVLAs related thereto are collectively referred to herein as the "**Lease Documents**").

7.      Pursuant to the Lease Agreement and the related MVLAs associated therewith, ARI leased numerous vehicles to Redbox, including, without limitation, the Terminated Vehicles (as defined below) and the Other Terminated Vehicles (as defined below), and provided fleet management services to Redbox.

**B.    THE DEFAULTS BY REDBOX AND CHICKEN SOUP UNDER THE LEASE DOCUMENTS.**

8.      ARI provided Redbox and Chicken Soup with a notice of their defaults under the Lease Documents as set forth in ARI's letter and associated e-mail message to them dated October 17, 2023 (the "**October 17 Letter**"), which defaults included the failure to pay an invoice that was due on September 25, 2023, in the amount of $240,066.03 (the "**September Default**").  A copy of the October 17 Letter is attached hereto as <u>Exhibit 3</u>.

9.     Despite the September Default that was set forth in the October 17 Letter, Redbox and Chicken Soup failed to cure that default.

10.     Considering that default by Redbox and Chicken Soup under the Lease Documents, ARI exercised its right under the Lease Documents to stop providing any further fleet management services to Redbox, while reserving all of its other rights and remedies under the Lease Documents.

11.     Thereafter, Redbox agreed to pay ARI seven (7) weekly installments each in the amount $78,000.00, with the first such installment due on Friday, December 1, 2023, and subsequent installments due on Friday of each week thereafter through and including Friday, January 12, 2024, and one (1) payment in the amount of $681,149.86 on Friday, January 19, 2024, in connection with the following invoices (the "**Past Due Invoice Balances to be Cured**"), all while ARI reserved all of its rights and remedies (such agreement of Redbox is hereinafter referred to as "**Redbox's Cure Agreement**"):

| Invoice No. | Invoice Date | Invoice Due Date | Invoice Amount |
|---|---|---|---|
| M60009100 | 8/26/2023 | 9/25/2023 | $240,066.03 |
| B30010651 | 9/25/2023 | 10/25/2023 | $    8,371.75 |
| M1015245 | 9/26/2023 | 10/25/2023 | $265,725.13 |
| B66014587 | 10/25/2023 | 11/25/2023 | $129,315.06 |
| M24016130 | 10/26/2023 | 11/25/2023 | $280,401.65 |
| B48017217 | 11/25/2023 | 12/25/2023 | $170,571.61 |
| M78019189 | 11/26/2023 | 12/25/2023 | $132,698.63 |
| **TOTAL** | | | **$1,227,149.86** |

12.     Despite the October 17 Letter and Redbox's Cure Agreement, Redbox paid ARI only $476,991.03 in connection with Redbox's Cure Agreement.  As such, Redbox remained in default under the Lease Agreement and ARI continued to be entitled to pursue its rights and remedies under the Lease Documents.

13.     Accordingly, on March 1, 2024, ARI provided Redbox and Chicken Soup with another notice of default (the "**March 1 Letter**") that provided formal notice that, in addition to the September Default and the failure of Redbox to timely pay all of the amounts it agreed to pay under Redbox's Cure Agreement, additional defaults had occurred under the Agreement because Redbox has failed to timely pay ARI a total of $1,222,347.23 in connection with the following invoices, which were due on the dates shown below and include amounts remaining due under the Past Due Invoice Balances to be Cured (collectively, the "**Total Amount of the Invoice Defaults per the March 1 Letter**"):

| Invoice No. | Invoice Date | Invoice Due Date | Unpaid Amount |
|---|---|---|---|
| M1015245 | 9/26/2023 | 10/25/2023 | $115,171.88 |
| B66014587 | 10/25/2023 | 11/25/2023 | $ 51,315.06 |
| M24016130 | 10/26/2023 | 11/25/2023 | $280,401.65 |
| B48017217 | 11/25/2023 | 12/25/2023 | $170,571.61 |
| M78019189 | 11/26/2023 | 12/25/2023 | $132,698.63 |
| B66019613 | 12/23/2023 | 1/25/2024 | $  88,256.18 |
| M54022120 | 12/26/2023 | 1/25/2024 | $  59,374.40 |
| B90007501 | 1/26/2024 | 2/25/2024 | $ 251,719.48 |
| M54024624 | 1/26/2024 | 2/25/2024 | $  72,838.34 |
| **TOTAL** | | | **$1,222,347.23** |

A copy of the March 1 Letter is attached hereto as <u>Exhibit 4</u>.

14.     As such, and in light of the defaults by Redbox under the Lease Agreement, ARI demanded that Redbox and Chicken Soup (pursuant to its Guaranty) immediately pay ARI the aforementioned $1,222,347.23, and all accrued interest.

15.     Because Redbox and Chicken Soup failed to pay the amounts demanded by ARI in the March 1 Letter, on March 8, 2024, ARI provided an additional notice to Redbox and, in turn, Chicken Soup, of the defaults under the Lease Documents (the "**March 8 Letter**") and also provided formal notice to Redbox and Chicken Soup that ARI had elected to pursue the following remedies:

a.     To exercise its right of offset with respect to $287,395.51 that was generated from the disposition of vehicles against amounts then owed by Redbox and Chicken Soup to ARI (the "**Offset Amount**");

b.     To terminate the MVLAs identified on attached Exhibit "B" to the March 8 Letter (the "**Subject MVLAs**");

c.     To terminate the rights of Redbox in connection with the vehicles identified on attached Exhibit "C" to the March 8 Letter that were ordered by Redbox (the "**Ordered Vehicles**");

d.      To demand the immediate delivery of possession to ARI of the vehicles that are identified on attached Exhibit "B" to the March 8 Letter (the "**Terminated Vehicles**") and to notify Redbox and Chicken Soup that ARI would retain possession of the vehicles identified on attached Exhibit "C" to the March 8 Letter, for purposes of their disposition in accordance with the Lease Agreement; and

e.      To demand the immediate payment of the amounts due in connection with (a) the Subject MVLAs, (b) the Ordered Vehicles, plus all fees and charges, and (c) Total Amount of Invoice Defaults per the March 1 Letter.

A copy of which March 8 Letter is attached hereto as Exhibit 5.

16.    Despite the demand of ARI, Redbox and Chicken Soup failed to pay the amounts demanded in the March 8 Letter and failed to return the Terminated Vehicles to ARI.

17.    In addition, ARI provided Redbox and Chicken Soup with another notice on May 3, 2024 (the "**May 3 Letter**") and in light of the defaults of Redbox under the Lease Documents and because Redbox was in possession of 15 of the Ordered Vehicles, ARI explained that the lease of the vehicles listed on Exhibit "I" to the May 3 Letter had been terminated (the "**Other Terminated Vehicles**") and

demanded their return as well. A copy of the May 3 Letter is attached hereto as Exhibit 6.

18.     Despite ARI's repeated demands for return of the Terminated Vehicles and the Other Terminated Vehicles, Redbox has refused to deliver possession of those vehicles to ARI.

## C.     THE AMOUNTS OWED BY REDBOX AND CHICKEN SOUP TO ARI.

19.     The total amounts owed by Redbox and, in turn, Chicken Soup to ARI in connection with their obligations under the Lease Documents, include, without limitation, the amounts associated with (a) the Subject MVLAs that equaled $5,857,237.72 as of April 30, 2024, (b) the Other Terminated Vehicles that equaled $427,717.33 as of April 30, 2024, and (c) total amount of certain past due invoices that equaled $1,516,074.89 as of May 1, 2024, all of which total $7,801,029.94, plus interest, fees, costs, expenses, and maintenance, service and other charges that had accrued prior to, and have accrued from, the dates shown herein, and that continue to be accrue, and be incurred by ARI, in connection with the defaults set forth in the October 17 Letter, March 1 Letter, March 8 Letter and May 3 Letter and the enforcement of ARI's rights and remedies under the Lease Documents in connection therewith (the "**Amounts Due**").

**D.   ARI FACES IRREPARABLE HARM BECAUSE OF DEFENDANTS' ACTIONS.**

20.    ARI, through ARI Fleet, is the titled owner of both the Terminated Vehicles and the Other Terminated Vehicles.

21.    A complete listing of all the vehicles that Defendants have wrongfully retained possession of despite their defaults and ARI's demand for immediate return attached hereto as Exhibit 7.

22.    ARI is without any ability to re-gain possession of the vehicles listed in Exhibit 7 without immediate intervention from the Court.

23.    Defendants' continued, unlawful retention and usage of the vehicles will irreparably harm ARI.

24.    Additionally, without this Court's intervention, Defendants will have successfully converted the vehicles, which will severely impact ARI's business operations.

**FIRST COUNT**
**(Replevin)**

25.    ARI hereby incorporates by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

26.    Pursuant to Article 19 of the Lease Agreement, upon the event of default, ARI is entitled to pursue all remedies, including taking possession of any or all vehicles leased to Redbox.

27.    ARI demanded that Redbox voluntarily surrender possession of the Terminated Vehicles and the Other Terminated Vehicles.

28.    Redbox has refused to comply with ARI's request to deliver possession of those vehicles to it.

29.    Despite the termination of the leases associated with the Terminated Vehicles and Other Terminated Vehicles, Redbox continues to use and operate the Terminated Vehicles and Other Terminated Vehicles that ARI owns, without paying for their use, to ARI's detriment.

30.    If Redbox is allowed to continue to retain possession of the Terminated Vehicles and Other Terminated Vehicles, ARI's ownership interest in the Terminated Vehicles and Other Terminated Vehicles will continue to be adversely affected.

## <u>SECOND COUNT</u>
**(Breach of Contract)**

31.    ARI hereby incorporates by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

32.    The Lease Agreement and other Lease Documents constitute binding agreements between the parties.

33.    ARI performed all of its obligations under the Lease Agreement and other Lease Documents.

34.     Defendants have failed and refused to honor their obligations under the Lease Documents by, among other things, failing to pay for the use of ARI's vehicles and for the services provided by ARI, failing to cure their defaults and failing to deliver possession of ARI's vehicles to ARI after the termination of the leases.

35.     As a direct and proximate result of the foregoing, ARI has suffered, and continues to suffer, damages.

### **THIRD COUNT**
**(Breach of the Covenant of Good Faith and Fair Dealing)**

36.     ARI hereby incorporates by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

37.     The agreements between the parties contain an implied covenant of good faith and fair dealing.

38.     Defendants acted in a willful and wanton manner, and otherwise acted in bad faith relating thereto, and intended to deny ARI the fruits and benefits of the Lease Documents.  As a result, Defendants breached the covenant of good faith and fair dealing.

39.     As a direct and proximate result of Defendants' breach of the covenant of good faith and fair dealing, ARI has suffered, and continues to suffer, damages.

## FOURTH COUNT
**(Unjust Enrichment)**

40.     ARI hereby incorporates by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

41.     ARI provided Defendants with vehicles and related services under circumstances that negate the idea that ARI's provision of such goods and services was gratuitous.

42.     By accepting the benefit of ARI's goods and services without paying ARI for those goods and services, Defendants have been unjustly enriched.

43.     As a direct result of Defendants' unjust enrichment, ARI has suffered, and continues to suffer, damages.

## FIFTH COUNT
**(Book Account)**

44.     ARI hereby incorporates by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

45.     There is more than $7,801,029.94, plus interest, fees, costs, expenses and other amounts due and owing from Defendants to ARI, which Defendants agreed to pay.

46.     Notwithstanding ARI's demands, Defendants failed and refused to pay amounts owed.

47.    As a direct result of Defendants' failure to pay the account due and owing, ARI has suffered, and continues to suffer, damages.

### SIXTH COUNT
**(Declaratory Judgment: 28 U.S.C. § 2201 and Fed. R. Civ. P. 57)**

48.    ARI hereby incorporates by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

49.    Defendants are in default under the Lease Documents that were executed by parties and Defendants are not entitled to retain possession of the Terminated Vehicles and the Other Terminated Vehicles

50.    Despite this, Defendants have retained possession of all vehicles belonging to ARI and have refused to surrender possession and return the Terminated Vehicles and the Other Terminated Vehicles to ARI.

51.    Defendants' failure to deliver possession of the vehicles constitutes a breach of the Lease Document and permitting Defendants to retain possession of the vehicles constitutes a continuing breach of the Lease Agreement, would be sanctioning conversion of the vehicles by Defendants, and would unlawfully interfere with the ownership of the vehicles by ARI.

52.    Accordingly, ARI is entitled to declaratory relief in the form of a judgment declaring that (a) Defendants are in default of the Lease Agreement, (b) the leases associated with the Terminated Vehicles and Other Terminated Vehicles have been terminated by ARI, (c) Defendants have no legal or other right to retain

possession of any vehicle owned by ARI, and (d) requiring the immediate surrender and return of all vehicles leased by ARI to the Defendants, including, without limitation, those vehicles listed and identified in the various letters written by ARI to the Defendants, copies of which are attached this Verified Complaint.

## SEVENTH COUNT
### (Conversion)

53.    ARI hereby incorporates by reference all of the allegations contained in the foregoing paragraphs as if fully set forth herein.

54.    ARI is the titled owner of the vehicles listed in Exhibit 6.

55.    Defendants have and continue to exercise unlawful possession and dominion over these same vehicles.

56.    By continuing to wrongfully possess the vehicles without ARI's permission, Defendants have interfered with ARI's right to the possession of the vehicles, and, in fact, has fully excluded ARI from exercising dominion over the possession of the vehicles it lawfully owns.

57.    As a direct result of Defendants' conversion of its assets, ARI has suffered, and continues to suffer, damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, ARI respectfully requests that the Court:

A.      Issue a Writ of Replevin directing the United States Marshal's Office to replevy ARI's vehicles in any state(s) in which Defendants are presently in possession of any of ARI's vehicles, in accordance with Fed. R. Civ. P. 64.

B.      Enter temporary restraints, a preliminary injunction, and permanent injunction directing Defendants to surrender possession and return all of ARI's vehicles in any state(s) in which Defendants are presently in possession of any of ARI's vehicles, including all associated items, including, but not limited to, title documents.

C.      Enter temporary restraints, a preliminary injunction, and permanent injunction preventing Defendants from moving or otherwise using ARI's vehicles in any state(s) in which Defendants are presently in possession of any of ARI's vehicles.

D.      Enter temporary restraints, preliminary injunction, and permanent injunction barring Defendants from selling, leasing, or otherwise disposing of ARI's vehicles in any state(s) in which Defendants are presently in possession of any of ARI's vehicles.

E.      Declare that Defendants are in default of the Lease Agreement, that the leases of the vehicles have been terminated, that Defendants have no legal right to

retain any vehicle owned by ARI and declare that Defendants must immediately surrender and return of all vehicles leased by ARI to the Defendants, including, without limitation, those vehicles listed and identified in the various letters written by ARI to the Defendants, copies of which are attached this Verified Complaint listed in of ARI's Verified Complaint.

F.   Award compensatory damages in an amount greater than $7,801,029.94, plus interest and attorneys' fees, costs, expense and the other amounts described in the Lease Documents and this Verified Complaint;

G.   Award consequential and incidental damages to ARI in an amount to be determined.

H.   Award ARI's reasonable attorneys' fees and costs in accordance with the parties' agreements.

I.   Provide such other relief as the Court deems just and equitable.

**FOX ROTHSCHILD LLP**

BY: _____
RYAN T. BECKER
KIERAN T. ENSOR

**ADAMS AND REESE LLP**
RICHARD A. AGUILAR
(*Pro Hac Vice Forthcoming*)
MARK J. CHANEY, III
(*Pro Hac Vice Forthcoming*)
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139

Dated:  May 7, 2024

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## (CAMDEN VICINAGE)

|  |  |
|---|---|
| AUTOMOTIVE RENTALS, INC., and ARI FLEET LT,<br><br>Plaintiffs,<br><br>v.<br><br>REDBOX AUTOMATED RETAIL, LLC, and CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC,<br><br>Defendants. | Civ. A. No. _____ |

## **VERIFICATION**

I, William Nickerson, hereby certify and say:

I am a Director of Accounting for Holman Enterprises, the parent company of Plaintiffs Automotive Rentals, Inc. and ARI Fleet LT, the business trust established to hold title to the vehicles subject to this lawsuit. In this role, I am competent to verify allegations on behalf of both plaintiffs.

I have read the foregoing Verified Complaint and know its contents. The contents of this Verified Complaint are true, based upon my personal knowledge and my review of business records, except as to matters stated on information and belief, and as to such matters, they are true to the best of my knowledge and belief.

I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  May 7, 2024

_William Nickerson_

William Nickerson

## <u>JURY DEMAND AND NOTICE UNDER FEDERAL RULE 38.1</u>

Plaintiffs hereby demand a trial by jury on all issues in the within matter.


**FOX ROTHSCHILD LLP**
*Attorneys for Plaintiffs, Automotive Rentals,*
*Inc. and ARI Fleet LT*


BY: _____

Dated:  May 7, 2024

RYAN T. BECKER
KIERAN T. ENSOR

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

I, Kieran T. Ensor, hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

**FOX ROTHSCHILD LLP**
*Attorneys for Plaintiffs, Automotive Rentals, Inc. and ARI Fleet LT*

BY: _____
　　　　　　KIERAN T. ENSOR

Dated:  May 7, 2024