UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AUTOMOTIVE RENTALS, INC., and ARI FLEET LT, <br><br> Plaintiffs, <br><br> v. <br><br> REDBOX AUTOMATED RETAIL, LLC, and CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., <br><br> Defendants. | **Case No. 1:24-cv-05901 (CPO)(SAK)** |

### AFFIDAVIT OF WILLIAM J. ROUHANA

William J. Rouhana hereby states as follows, pursuant to 28 U.S.C. § 1746:

1. I am over 18 years of age and am competent to testify if called as a witness in this matter. I am a resident of the State of Connecticut.

2. I am the Chief Executive Officer and Chairman of Chicken Soup for the Soul Entertainment, Inc. ("CSSE"). My duties include the overall management and oversight of the Chicken Soup for the Soul corporate family, including CSSE, and their affiliates, which includes the subsidiary entity Redbox Automated Retail, LLC ("Redbox").

3. I make this Declaration, based on my personal knowledge, in support of my opposition to plaintiffs Automotive Rentals, Inc. and ARI Fleet LT's (collectively, "Plaintiffs") motion for a temporary restraining order, preliminary

injunction, and writ of replevin (the "Motion").

4. Redbox is an entertainment company, within the family of entities that operate the Redbox chain of self-service video rental kiosks with approximately 27,000 locations across the country. Redbox owns, operates, and maintains these rental kiosks, and relies on the kiosks to generate operating income.

5. CSSE is one of Redbox's indirect parents, having acquired Redbox in August 2022. CSSE and its corporate affiliates derive significant revenue from Redbox's video rental operations.

6. Plaintiffs are companies engaged in the business of commercial-scale vehicle leasing.

7. Plaintiffs and Redbox are parties to a Lease and Fleet Management Agreement dated February 24, 2017, as amended from time to time (the "Lease Agreement"), including individual Motor Vehicle Lease Agreements related thereto ("MVLAs"). Pursuant to the Lease Agreement and MVLAs, Plaintiffs lease approximately 418 vehicles to Redbox (the "Vehicles"). Redbox has continued to possess and use the Vehicles at all relevant times.

8. On October 14, 2022, CSSE executed a guaranty agreement in favor of Plaintiffs, which in substance guarantees all of Redbox's obligations to Plaintiffs under the Lease Agreement.

9. It is public knowledge that the CSSE family of entities, including CSSE

and the Redbox entities owned by it, have experienced problems with cash flow since CSSE's acquisition of Redbox, and have been working to meet all of their commitments in recent months. During the period since the earliest default under the Lease Agreement alleged by Plaintiffs, on September 25, 2023, both Defendants have been in a financially precarious position due to lack of sufficient cash.

10. It is not in dispute that Redbox failed to make several payments to Plaintiffs required by the Lease Agreement, and that consequently, Defendants owe Plaintiffs a certain amount in arrears. The parties continue to dispute, however, the exact amount owed.

11. As stated in recent SEC filings, CSSE has negotiated transactions that are required to close by June 6, 2024, and which will free up significant cash upon closing, making it possible for Defendants to repay Plaintiffs.

12. I understand that in this action, Plaintiffs are seeking to obtain a court order as soon as possible which would direct the U.S. Marshals to seize the Vehicles and return them to Plaintiffs.

13. Redbox's kiosk service and merchandising team consisting of hundreds of employees provides services to Redbox and to other kiosk owners such as Amazon, Pokemon, KeyMe and others. The Vehicles are indispensable to Redbox's day-to-day, and its ability to continue as a going concern. Redbox uses the fleet of vehicles to service its tens of thousands of kiosks, including maintaining and

restocking them and to service the kiosks of these other kiosk owners.

14. If Redbox lost possession of the Vehicles, its operations would freeze. Moreover, particularly if the Vehicles were seized with little advance notice, it would almost certainly be cost-prohibitive or simply impossible to obtain replacement vehicles sufficiently quickly to avoid fatal disruption to Redbox's business.

15. Consequently, if Redbox lost possession of the Vehicles, Redbox would very likely be forced out of business, costing hundreds of jobs and forcing the entity to file for bankruptcy.

16. Because CSSE relies on Redbox to provide a steady stream of income, CSSE will likewise suffer significant injury and pressure on its bottom line if Redbox were to lose access to the Vehicles and be compelled to cease operations.

17. The Vehicles are ordinary, non-unique vehicles. They are comprised of various models of Subaru, Toyota, Ford, and Nissan, types that are widely commercially available.

18. Defendants have no intention of transferring, alienating, destroying, selling, or otherwise disposing of the Vehicles during the pendency of this lawsuit. Moreover, this is not merely a matter of crediting Defendants' word: Defendants have continued to use the Vehicles at all relevant times, and have every incentive to continue doing so during this case, precisely because constant use of the Vehicles is

necessary for Redbox to sustain its operations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 19th, 2024.

_____
WILLIAM ROUHANA