

49 Market Street
Morristown, NJ  07960
☎ 973.992.4800  🖨 973.992.9125
www.foxrothschild.com

Catherine Youngman
Office Managing Partner

KIERAN T. ENSOR
Direct No: 973.548.3378
Email: kensor@foxrothschild.com

June 5, 2024

**VIA ECF**
Hon. Christine P. O'Hearn, U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey

**Re:**   **Automotive Rentals Inc. et al. v. Redbox Automated Retail LLC et al.**
          **Civ. A. No. 24-5901(CPO)(SAK)**

Dear Judge O'Hearn:

This firm represents Plaintiffs, Automotive Rentals Inc. ("ARI") and ARI Fleet LT ("ARI Fleet") (collectively, "Plaintiffs"). Pursuant to Your Honor's directive at the May 29, 2024 hearing on Plaintiffs' Motion for a Preliminary Injunction and Issuance of a Pre-Judgment Writ of Replevin, we jointly write to inform the Court that despite attempts by the parties to reach agreement on the language of the proposed order, the parties are at an impasse regarding certain language in the proposed order, and, unfortunately, the Court's intervention is needed to resolve the issue. The parties' respective positions are listed below.

In sum, the parties dispute whether Plaintiffs should be permitted to obtain the personal phone number and e-mail addresses for the individuals in possession of Plaintiffs' vehicles from Defendants, and whether the order can contain language permitting other law enforcement officers or re-possession companies or persons employed by ARI, not just the U.S. Marshals Service, to execute upon the mandates of the Order and Writ of Replevin. Plaintiffs' position is that all three should be allowed, Defendants disagree. For the Court's reference, the current version of the proposed form of order that Plaintiffs ask the Court to enter is attached as **Exhibit A**. Attached as **Exhibit B** is the proposed form of order that Defendants ask the Court to enter.

**I.     Plaintiffs' Position.**

Illustrative of the dispute between the parties, from Plaintiffs' position, is the fact that Defendants provided Plaintiffs with a single phone number for each of the individuals in possession of a vehicle, which Plaintiffs believe is a general business line for Defendant Redbox

A Pennsylvania Limited Liability Partnership

California    Colorado    Delaware    District of Columbia    Florida    Georgia    Illinois    Massachusetts    Minnesota    Missouri
Nevada    New Jersey    New York    North Carolina    Oklahoma    Pennsylvania    South Carolina    Texas    Washington



Hon. Christine P. O'Hearn, U.S.D.J.
June 5, 2024
Page 2

Automated Retail LLC. Plaintiffs also view e-mail addresses to be included in the definition of "contact information," but Defendants did not provide any email addresses to Plaintiffs.

In light of this, Plaintiffs believe it is appropriate, and in the spirit of the Court's findings and ultimate holding for the information outlined in Plaintiff's version of the Order (**Exhibit A**) to be the version that the Court should enter. Indeed, Plaintiffs believe that this will make the repossession process more efficient and cost effective for all parties.

## II.  Defendants' Position.

Defendants respectfully submit that the disclosure of *personal* phone numbers and email addresses for the Vehicles' drivers, and language permitting Plaintiffs to carry out the Writ of Replevin granted by the Court themselves or through private repossession companies rather than law enforcement, are forms of relief that Plaintiffs did not seek in their submissions, that the Court did not grant, and that are not warranted under the facts.

Regarding drivers' contact information, the Court directed Defendants to provide, by close of business on May 31, 2024, "an inventory list that is organized, legible, makes sense, logical, from which the plaintiffs can determine the location of each and every vehicle, the name of the person who is in possession of the vehicle, as well as their last-known address, and phone number." Tr. of May 29, 2024 Hearing at 48:14-23.  Defendants timely produced such a list.  Given the Court's direction to provide a phone number, Defendants included a central telephone line monitored by the Chief of Staff of Redbox's CFO, who will alert each driver when ARI makes a request to repossess a specific vehicle.  Defendants respectfully submit that they did not understand the Court's directive to require production of a cell phone number or home number for each driver.

Likewise, Plaintiffs did not request the drivers' email addresses in their motion briefing or at the May 29 hearing.  Consistent with this, email addresses were not mentioned in the relief granted by the Court.  Therefore, Defendants disagree that the proposed order should include a provision requiring Defendants to disclose the drivers' personal email addresses to Plaintiffs.  In the interest of good-faith compromise, Defendants have created a central email address, monitored by an employee tasked with assisting Plaintiffs' repossession efforts, which Plaintiffs could use to notify Defendants of which vehicles they desire to repossess and when.  Defendants respectfully submit that this satisfies Plaintiffs' stated concerns and goes well beyond what the Court ordered.

Finally, as to repossession by private actors, Defendants contend that this addition well exceeds the Court's order.  Plaintiffs did not request this in their papers or at the May 29 hearing.

159410807.1



Hon. Christine P. O'Hearn, U.S.D.J.
June 5, 2024
Page 3

Indeed, Plaintiffs' submissions consistently described replevin as being carried out specifically by the U.S. Marshals Service. *See* Dkt. 1 at 16 (Complaint Prayer for Relief); Dkt. 2-3 (proposed writ of replevin); Dkt. 21 at 7 (Plaintiffs' reply brief); Tr. of May 29, 2024 Hearing at 9:12-23. Similar to Plaintiffs' eleventh-hour addition of the request for email addresses, the Plaintiffs include for the first time mention of repossession by private companies, which the Court did not contemplate, as it was never raised. Indeed, Defendants respectfully submit that the law authorizes repossession by the U.S. Marshals or other law enforcement, as consistent with New Jersey law and practice. *See, e.g.*, *VW Credit, Inc. v. CTE2, LLC*, No. 2:19-CV-19523-CCC-ESK, 2019 U.S. Dist. LEXIS 210548, at *6 (D.N.J. Dec. 6, 2019); *Super Laundry Equip. Corp. v. Chan*, No. 13-CV-7381 (NLH)(AMD), 2015 U.S. Dist. LEXIS 83679 (D.N.J. June 29, 2015); *see also* N.J. Ct. R. 4:61-1(c) (state rule directing that writs of replevin be directed to "the sheriff, or other officer authorized by law"); Fed. R. Civ. P. 4.1 (providing that service of legal process other than a summons or subpoena be carried out by a U.S. Marshal).

Last, Defendants respectfully submit that the U.S. Marshals Service or other law enforcement agents, or their duly-appointed agents, are best equipped to effect replevin in a professional and fair manner, and authorizing unknown repossession companies to effectuate the Court's order could potentially pose a dangerous situation to the hundreds of civilian employees who currently possess these vehicles.

On behalf of the parties, we thank the Court for its time and attention to this matter.

Respectfully submitted,

Kieran T. Ensor

cc: All Counsel of Record (*via* ECF)

159410807.1